

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXxXXXXXXX~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6193
Re: Interpretation of Sections
5 and 6 of House Bill No. 3,
Acts of the 49th Legislature,
R. S., as affected by Arti-
cle III, Section 49a of the
Texas Constitution.

Your opinion request of February 6, 1945,
reads as follows:

"Sections 5 and 6 of House Bill No. 3
of the present Session of the Legislature, read
as follows:

"'Sec. 5. Amend Section 2 of Arti-
cle 13 of House Bill No. 176, Acts of the
Regular Session of the forty-eighth Legislature,
1943, so as to hereafter read as follows:

"'Article 13. Appropriation and
Allocation.

"'Section 2. Allocation. It is
hereby specifically provided that out of the
money appropriated for the school year of
1944-1945 the sum of Nine Million One Hundred
Ninety-one Thousand Dollars ($9,191,000.00)
for High School Tuition; Seventy-one Thousand
Three Hundred and Seventy Dollars ($71,370.00)
for the administration of this Act as provided
herein; Twenty-one Thousand and Two Hundred
Dollars ($21,200.00) for the expenses of the
Legislative Committee, the salary of the Legis-

tive Accountant, and for such other and necessary expenses incident to the duties of the Legislative Accountant. Such Legislative Accountant shall be paid a salary of not more than Four Thousand and Two Hundred Dollars ((\$4,200.00) per year out of the sum hereby allocated. Any unexpended balance under either of the above allocations at the end of either year of the biennium mau be transferred by order of the State Superintendent of Public Instruction and the approval of the Legislative Accountant to any allocation herein created and set up.'

"'Sec. 6. In addition and supplementary to the funds appropriated by the provisions of House Bill. No. 176, Acts of the Regular Session of the Forty-eighth Legislature, there is hereby appropriated out of the General Revenue Fund of the State of Texas, not otherwise appropriated, the sum of One Million Five Hundred and Seventy-five Thousand and Eighty-two Dollars (\$1,575,082.00), or so much thereof as may be necessary for the biennium ending August 31, 1945, to be allocated and expended under the provisions of House Bill No. 176, Acts of the Regular Session of the Forty-eighth Legislature, and of this Act.'

"The Comptroller's certificate certifying as to the funds available for the payment of the appropriation reads as follows:

"'I, Geo. H. Sheppard, State Comptroller of public Accounts do hereby certify that the sum of One Million Five Hundred and Seventy Five Thousand and Eighty Two Dollars (\$1,575.082.00) appropriated in the herein House Bill, Number 3, is within the amount estimated to be available within the affected funds.'

"The unexpended balance of the above named allocations at the end of the 1943-1944 fiscal year amounted to \$1,184,655.

"The question before us, at the time we certified to this bill and it also confronts us now, is whether the above mentioned unexpended balance subject to use for the purposes of this bill under prior appropriations?"

Prior to the amendments set forth in your letter, Section 2 of Article 13, House Bill No. 176, Acts of the 48th Legislature, R. S., Ch. 373, p. 669, reads as follows:

"Sec. 2. Allocation. It is hereby specifically provided that out of the money appropriated for each school year of the biennium the sum of Five Million Three Hundred Sevety-eight Thousand, Four Hundred and Twenty Dollars ($5,378,420) is hereby set aside for Salary Aid; Nine Hundred and Twenty Thousand Dollars ($920,000) for High School Tuition; Three Million Four Hundred and Seventy Dollars ($71,370) for the administration of this Act as provided herein; Twenty-one Thousand and Two Hundred Dollars ($21,200) for the expenses of the Legislative Committee, the salary of the Legislative Accountant, and for such other and necessary expenses incident to the duties of the Legislative Accountant. Such legislative Accountant shall be paid a salary of not more than Four Thousand and Two Hundred Dollars ($4,200.00) per year out of the sum hereby allocated. Any unexpended balance under either of the above allocations at the end of the first year of the biennium shall be transferred by order of the State Superintendent of Public Instruction and the approval of the Legislative Accountant to any allocation herein created and set up."

Section 49a of Article III of the Texas Constitution provides, inter alia, that:

"From and after January 1, 1945, no bill containing an appropriation shall be considered as passed or be sent to the Governor for considera-

> tion until and unless the Comptroller of Public
> Accounts endorses his certificate thereon show-
> ing that the amount appropriated is within the
> amount estimated to be available in the affected
> funds."

Plainly Section 6 of House Bill No. 3 comes within this provision, and you have made a certification with respect to the amount therein appropriated. A more difficult question is whether the provision in Section 5 with respect to the transfer of unexpended balances is also an appropriation made after January 1, 1945, and hence is also within the above quoted section of the Constitution. It is our opinion that this provision is not such an appropriation and that no certificate need be executed by the Comptroller with respect to Section 5.

Neither in terms nor in effect does Section 5 of House Bill No. 3 contain an appropriation. On the contrary, this Section merely provides for the allocation of appropriations elsewhere made for the school year of 1944-45. One of the appropriations which is subject to allocation by Section 5 is contained in Section 6, and, as we have seen, this appropriation must be and has been accompanied by a certificate from the Comptroller. The other appropriation which is allocated by Section 5 is contained in Section 1 of Article 13 of House Bill No. 176, and since such appropriation was made prior to January 1, 1945, it was not and did not need to be accompanied by such a certificate. The provision at the end of Section 5 relative to the transfer of unexpended balances is merely an alternative method of allocation. This provision is no way takes additional funds which have already been taken out of the Treasury by Section 6 of House Bill No. 3 and by Section 1 of Article 13 of House Bill No. 176 to be expended for purposes other than those for which they were initially encumbered.

Consequently, you are respectfully advised that the provision in Section 5 of House Bill No. 3 with respect to the transfer of unexpended balances is not embraced by Section 49a of Article III of the Texas Constitution, and that such provision calls for no certificate from you.

Trusting that the foregoing fully answers your inquiry, we are

RDM:BT/pam
APPROVED FEB 26 1945
CARLOS C. ASHLEY
FIRST ASSISTANT
APPROVED OPINION COMMITTEE By BWB

Yours very truly
ATTORNEY GENERAL OF TEXAS

By

R. Dean Moorhead
    Assistant